Larry J. Wulkan (#021404)
Robert Weeks (#025821)
Jacqueline Iafrate (#039687)
**ZWILLINGER WULKAN PLC**
2020 North Central Avenue, Suite 675
Phoenix, Arizona 85004
Tel: (602) 609-3800
Fax: (602) 609-3800
Email: larry.wulkan@zwfirm.com
robert.weeks@zwfirm.com
jacqueline.iafrate@zwfirm.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Mattingly, as an individual, and a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Colby Auto Investments, L.L.C. dba Valley Car Group, an Arizona limited liability company, Darren Colby and Malana Colby, as husband and wife;<br><br>Defendants. | No. CV-25-02744-PHX-SPL<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Blake Mattingly brings this action individually and on behalf of all other current and or former employees (the "FLSA Collective Members") who worked for Colby Auto Investments, LLC ("Colby Auto") and Darren Colby ("Colby") as buyers and/or bookers at any time during the relevant statute of limitations through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees pursuant to the overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"). Plaintiff's FLSA claims are asserted as a collective action pursuant to section 16(b) of the FLSA. Plaintiff is also asserting individual claims for unpaid wages under his employment contract and A.R.S. § 23-355.

## PARTIES AND JURISDICTION

1. Plaintiff is an individual residing in Maricopa County, Arizona.

2. Colby Auto Investments, LLC is an Arizona limited liability company conducting business in Maricopa County, Arizona.

3. Darren Colby and Malana Colby are husband and wife residing in Maricopa County, Arizona.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 & 1367(a).

5. Venue is proper in this Court because all parties are residents of, or do business in, Maricopa County, Arizona, and all acts relevant to this complaint occurred within Maricopa County, Arizona.

## Individual Allegations

6. On April 8, 2024, Mattingly entered into a compensation agreement with Colby Auto, designating him as an employee.

7. As a “buyer,” Mattingly’s basic duties were to find vehicles for sale on various websites, buy them, transport them, and take all other necessary acts to complete such purchases for Colby Auto.

8. In addition to buying vehicles, Mattingly would also “book” vehicles.

9. Pursuant to a compensation agreement, Mattingly would receive $15,600.00 in base pay per year (or $300.00 per week), $100.00 per “booking commission,” and $200.00 per “buying commission.”

10. There were multiple occasions where Mattingly worked more than 40 hours during a given week but did not earn any booking or buying “commission,” so he received only his base pay of $300.00 for those weeks, and he was paid less than the applicable Arizona minimum wage.

11. There were additional weeks where Mattingly earned a few “commissions,” but due to the number of hours worked his pay still fell below the Arizona minimum wage.

12. Additionally, the compensation agreement entitles Mattingly to compensation based on the market rate of the trip when he transports a vehicle and monthly bonuses for hitting targets set by management.

13. However, upon inspection of Mattingly's payrolls, he discovered multiple instances where the cost of a vehicle was deducted from his pay, even though he had successfully completed the sale.

14. Further, Mattingly was not paid for any of the vehicles he transported despite the compensation agreement, entitling him to compensation.

15. Mattingly is entitled to these funds that he earned but were never paid to him.

16. Other employees working as bookers and/or buyers for Colby and Colby Auto Investments, including those in other states, had the same or similar pay structure as Mattingly, meaning they received a base salary plus a flat fee for each vehicle bought or booked, but did not receive overtime as required by the FLSA.

17. In addition to working for Colby and Colby Auto Investments in Arizona, Mattingly also spent almost a year working for Colby and Colby Auto Investments in California.

18. While working for Colby and Colby Auto Investments in California, Mattingly performed the same role and was compensated with the same pay structure as when he worked in Arizona.

19. There were also multiple occasions where Mattingly worked for Colby and Colby Auto Investments in Nevada.

20. While working for Colby and Colby Auto Investments in Nevada, Mattingly performed the same role and was compensated with the same pay structure as when he worked in Arizona.

21. Recently, employees of Colby and Colby Auto Investments in California, Colorado and Alaska who performed the same or similar roles to Mattingly, and who had

the same or similar pay structure, have asserted they were not paid overtime as required by the FLSA.

**Collective Allegations**

22. Mattingly and the FLSA Collective Members were "employees" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

23. Colby Auto's does more than $500,000.00 of business annually.

24. Colby Auto is an "employer" as that term is defined in 29 U.S.C. § 203(d).

25. Colby Auto is the entity responsible for hiring, firing, and supervising Plaintiff and the FLSA Collective Members and controlling their work schedules and conditions of employment, determining the rate and method of payment, and maintaining any employment records that exist.

26. Colby is an "employer" as that term is defined in 29 U.S.C. § 203(d).

27. Colby has been a manager and supervisor of all employees, including Plaintiff and FLSA Collective Members.

28. In performing work on behalf of Colby Auto, Colby acted in the interest of his marital community.

29. While employed by Defendants, Mattingly was "engaged in commerce" as defined in the FLSA and corresponding regulations. 29 U.S.C. § 203(b).

30. Colby was the supervisor of Mattingly and the FLSA Collective Members. At all times relevant hereto, Colby exercised managerial responsibilities and substantial control over the terms and conditions of Mattingly and the FLSA Collective Member's work. Among other things, Colby was primarily responsible for hiring and firing employees, controlling employees' conditions of employment, determining the rate and method of payment, and maintaining any employment records that may exist.

31. Colby Auto required Mattingly and the other FLSA Collective Members to work at least forty-five hours per week, however they frequently worked significantly more than that.

32. In fact, Colby Auto and its agents wanted Mattingly and the FLSA Collective Members to work "24/7."

33. Mattingly and the FLSA Collective Members are non-exempt employees under the FLSA.

34. Mattingly and the FLSA Collective Members never received overtime compensation for their work that surpassed 40 hours per week.

35. Because Defendants did not pay Mattingly and the FLSA Collective Members for all hours worked in excess of forty hours per week at time-and-a-half, Defendants' pay policies and practices violated the FLSA.

**COUNT ONE**

**(Individual Claim for Breach of Contract)**

36. Plaintiff incorporates by reference all preceding paragraphs.

37. Mattingly and Colby Auto executed a binding compensation agreement.

38. Colby Auto breached the compensation agreement by failing to pay Mattingly all compensation due.

39. As a direct result of Colby Auto's breach of the compensation agreement, Mattingly has suffered monetary damages.

**COUNT TWO**

**(Individual Claim to Recover Wages Pursuant to A.R.S. § 23-355)**

40. Plaintiff incorporates by reference all preceding paragraphs.

41. Colby Auto was Mattingly's employer pursuant to A.R.S. § 23-350(3).

42. Mattingly had a reasonable expectation of non-discretionary compensation for performing certain services, like transporting vehicles, for Colby Auto.

43. Colby Auto failed to pay Mattingly all wages that were due.

44. Colby Auto made unauthorized deductions from Mattingly's wages.

45. Mattingly is entitled to treble damages pursuant to A.R.S. § 23-355.

**COUNT THREE**

**(Individual Claim to Recover Wages Pursuant to A.R.S. § 23-363)**

46. Plaintiff incorporates by reference all preceding paragraphs.

47. Colby Auto was Mattingly's employer pursuant to A.R.S. § 23-350(3).

48. Colby Auto was required to pay Mattingly no less than the applicable minimum wage for each year Mattingly worked for Colby Auto.

49. Colby Auto failed to pay Mattingly at least minimum wage for some weeks in 2022, 2023, and 2024.

50. Mattingly is entitled to treble damages pursuant to A.R.S. § 23-364(G).

**COUNT FOUR**

**(Collective Action Alleging Violation of Fair Labor Standards Act)**

**A. Failure to Pay Overtime Under the FLSA**

51. Plaintiff incorporates by reference all preceding paragraphs.

52. The FLSA Putative Collective Members are defined as:

> **ALL CURRENT AND FORMER NON-EXEMPT LABORERS WHO ARE OR WERE EMPLOYED BY COLBY AUTO AS 'BUYERS' OR 'BOOKERS' AT ANY TIME FROM APRIL 1, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA COLLECTIVE" OR "FLSA COLLECTIVE MEMBERS").**

53. At all times hereinafter mentioned, Defendants have been an employer within the meaning of 29 U.S.C. § 203(d).

54. At all times hereinafter mentioned, Colby Auto has been an enterprise within the meaning of 29 U.S.C. § 203(r).

55. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), that has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or in any closely related process or occupation directly essential to the production thereof, and their enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

56. During the respective periods of Plaintiff's and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

57. In performing the operations described above, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(b), (i), (j) & 207(a).

58. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

59. The proposed class of similarly situated employees sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in Paragraph 52.

60. The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

61. Defendants have violated 29 U.S.C. §§ 207 and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in

excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

62. Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation. 29 U.S.C. § 255(a).

63. Defendants are sophisticated parties and therefore knew (or should have known) their pay policies were in violation of the FLSA.

64. Plaintiff and the FLSA Collective Members, on the other hand, are unsophisticated laborers who trusted Defendants to pay them according to the law.

65. The decisions and practices by Defendants to not pay the proper amount of overtime for all hours worked were neither reasonable nor in good faith.

66. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B. Collective Action Allegations.**

67. Plaintiff incorporates by reference all preceding paragraphs.

68. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

69. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices and policies, which are in willful violation of the FLSA.

70. The FLSA Collective Members are defined above.

71. Defendants' failure to pay Plaintiff and the FLSA Collective Members for overtime hours at the rates required by the FLSA results from generally applicable policies and practices by Defendants and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

72. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, or rates of pay—are entitled to be paid the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of facts that would otherwise render Plaintiff and the FLSA Collective Members not similarly situated.

75. Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations while enjoying a competitive edge against other employers who pay their employees according to the law.

76. Individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide judicial consistency.

77. Accordingly, the FLSA Collective Members of similarly situated persons should be certified as defined in Paragraph 52 and notice should be promptly sent.

## DEMAND FOR JURY TRIAL

Mattingly demands a jury trial on all counts alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Mattingly respectfully requests that this Court enter judgment in his and the FLSA Collective Members' favor and against Defendants as follows:

A. An award of expectancy damages for Colby Auto's breach of the compensation agreement and unpaid minimum wage in an amount to be proven at trial;

B. Treble damages pursuant to A.R.S. § 23-355;

C. An Order certifying the FLSA Collective as defined in Paragraph 52 and requiring Defendants to provide the names, addresses, email addresses, telephone numbers, and social security numbers of all putative FLSA Collective Members;

D. An Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

E. An award of damages against Defendants pursuant to section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit).

F. An award of Mattingly's (and those FLSA Collective Members who have joined in the suit) reasonable costs incurred in connection with this matter under A.R.S. §§ 12-341 and 29 U.S.C. § 216(b);

G. An award of Mattingly's (and those FLSA Collective Members who have joined in the suit) attorneys' fees pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01;

H. Pre-judgment and post-judgment interest pursuant to A.R.S. § 44-1201; and

I. For any other such relief that the Court deems just and proper

RESPECTFULLY SUBMITTED this 21st day of October, 2025.

**ZWILLINGER WULKAN PLC**

By: */s/ Robert Weeks*
Larry J. Wulkan
Robert Weeks
Jacqueline M. Iafrate
2020 North Central Avenue, Suite 675
Phoenix, Arizona 85004
*Attorneys for Plaintiff Mattingly*